# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| DONNA HOLCOMB, et al, | § | |
|    *Plaintiff(s),* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-00210 |
| | § | |
| SPECIALIZED LOAN SERVICING, | § | |
| LLC, et al | § | |

## <u>AFFIDAVIT OF DOMINIQUE VARNER</u>

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Dominique Varner known to me to be a credible persona of lawful age, who after first being duly sworn, testified as follows:

1. My name is Dominique Varner. I am over the age of eighteen, of sound mind, competent to testify as to the matters stated herein, and personally acquainted with the facts stated herein. I am authorized to make this affidavit on behalf of Hughes Watters Askanase, LLP, which serves as counsel for Specialized Loan Servicing, LLC ("SLS") and the Deutsche Bank National Trust Company, as Trustee for FFMLT Truste 2005-FF2, Mortgage pass-Through Certificates, Series 2005-FF2 ("Deutsche Bank"). Deutsche Bank is the owner of the loan that forms the basis of the above-styled lawsuit while SLS is Deutsche Bank's mortgage servicer. The facts stated herein are within my personal knowledge.

2. I am a Partner of HWA and have been employed by HWA for approximately twenty-eight years. I am one of two co-managers of the default services operations at HWA. The default services operations department represents clients in foreclosures, sequestrations, collections, and lawsuits relating to financial services, such as this one. I am familiar with the practices of HWA and of its clients relating to the servicing and foreclosure of mortgage loans.

3. I have reviewed the contents of HWA's file relating to Jo Ann M Jones and Charles E. Jones (the "Joneses" or "Borrowers") and the real property located at 901 Landing Blvd., League City, Texas 77573 (the "Property"), and I have determined that the file

AFFIDAVIT I

contents are accurate and there is nothing about the source of information or method or circumstances of its receipt, preparation or retention that indicates any lack of trustworthiness. Therefore, I have knowledge based upon my review of HWA's records of all facts stated herein, and the facts state herein are all true and correct. This Affidavit is submitted in support of Deutsche Bank and SLS's Motion for Summary Judgment.

4. In this case, the Joneses' loan was referred to HWA for foreclosure on February 7, 2018. At that time, or shortly thereafter, information about the loan's origination, ownership, and current status was provided to HWA by SLS. HWA then ordered a title report, thereby securing copies of all documents recorded in the Harris County public records since July 9, 1997. This is common practice when preparing for a foreclosure sale and occurs with each and every foreclosure referral. Generally, an additional or updated title report is secured each time a property is re-posted for foreclosure. As time went by, and additional attempts were made to foreclose this lien, additional information was supplied to HWA by SLS, including information from SLS's business records relating to the servicing of the Joneses' loan, and the acquisition of the Property by Curtis and Donna Holcomb. These records were received, reviewed and incorporated into HWA's file relating to the Joneses, the loan, and the Property. There is nothing about the source of information or method or circumstances of its receipt, preparation or retention that indicates any lack of trustworthiness.

5. The documents attached hereto and to Defendants' Motion for Summary Judgment as Exhibits A, B, H, J, L, M, N, O, R, and S are true and correct copies of documents in the business records of HWA. I am familiar with the records pertaining to certain loans serviced by SLS that have been referred to HWA for foreclosure. I have examined documents relating to the above styled and numbered cause including Exhibits A, B, H, J, L, M, N, O, R, and S. The documents in the file, including the referenced exhibits, were kept in the regular course of business of SLS and HWA, and the information contained in the documents was made at or near the time of the events reflected thereon. It was in the regular course of business of SLS or HWA for their agent or employees, with personal knowledge of the facts, events, conditions and other information contained in such records to make such records or to transmit information to be included in such records.

6. On October 26, 2004, the Joneses signed a Note payable to First Franklin Financial Corporation. The Joneses also signed a Texas Home Equity Security Instrument (the "Deed of Trust") securing the indebtedness against the Property. SLS is the current mortgage servicer for the Note signed by the Joneses and the Deed of Trust that secures the indebtedness created by the Note against the Property. A true and correct copy of the Note is attached hereto and to Defendants Motion for Summary Judgment (the "Motion") as Exhibit A.

7. On the same day, the Joneses signed a Texas Home Equity Security Instrument (First Lien) (the "Deed of Trust") securing the Note against the Property. A true and correct copy of the Deed of Trust is attached hereto and to Defendants' Motion as Exhibit B.

8. Bank of America, N.A. (a prior servicer of the Note and Deed of Trust) served a Notice of Default on the Joneses on July 28, 2011, and accelerated the maturity of the Note on August 30, 2011.  On June 4, 2012, Deutsche Bank filed suit against Janet Brecheen in the 56th District Court of Galveston County, Texas, as Cause No. 12CV1321.  Deutsche Bank's suit sought a declaration that Deutsche Bank had a lien against the Property, an order authorizing non-judicial foreclosure, and a declaration that the effect of such a foreclosure would be that Brecheen would be divested of all interest in the Property.  On August 9, 2013, the 56th District Court of Galveston County, Texas entered a final summary judgment in favor of Deutsche Bank granted the requested relief.   The facts set forth in this paragraph are known to me based on a review of the public records kept by and available through the Galveston County District Clerk.

9. On February 18, 2014, SLS mailed a "Notice of Default and Notice of Intent to Accelerate" letter to the Estate of Jo Ann M. Jones at the Property address.  A true and correct copy of the February 18, 2014, Notice of Default letter is attached hereton and to Defendants' Motion as Exhibit H.

10. On June 16, 2014, SLS mailed correspondence styled "Recission of Acceleration of Loan Maturity" to "Jo Ann M. Jones, Deceased" and "Charles E. Jones, Deceased" to the Property address by certified mail.  A true and correct copy of the June 16, 2014, Rescission of Acceleration letter is attached  hereto and to Defendants' Motion as Exhibit J.

11. On February 7, 2018, the Joneses loan was referred to HWA for foreclosure.  The file was transferred to HWA from another law firm.

12. On July 31, 2018, HWA prepared and mailed correspondence styled "Notice of Maturity/Acceleration of Texas Non-Recourse Loan to Jo Ann Jones and Charles Jones at the property address by regular first-class U.S. Mail and by certified mail, return receipt requested.  A true and correct copy of the July 31, 2018, Notice  of Maturity/Acceleration letter is attached hereto and to Defendants' Motion as Exhibit L.

13. HWA scheduled the foreclosure sale for November 6, 2018.  A copy of the file-marked Notice of Substitute Trustee's Sale as filed in the Galveston County real property records is attached hereto as Exhibit M.

14. On October 22, 2018, Plaintiff served a "Dispute of Right to Foreclose" letter on HWA.  A true and correct copy of the October 22, 2018, letter received  from Ronald M. Hall on behalf of Plaintiff and Donna Holcomb is attached hereto and to the Defendants' Motion as Exhibit N.   As HWA, SLS, and Deutsche Bank were previously unaware of Plaintiff's claim to an interest in the Property, the November 6,

2018, foreclosure sale was not conducted and SLS commenced a review of the file. The foreclosure was placed on hold until SLS could respond to the dispute. SLS, unable to verify Plaintiff or Donna Holcomb as successors in interest to the actual Borrowers, responded to the dispute letter on November 19, 2018, seeking authorization to discuss the matter with Ronald Hall. The foreclosure hold was removed on Juen 17, 2019.   The foreclosure was restarted on December 23, 2019. HWA again reviewed title and began processing the foreclosure.

15. On May 15, 2020, the Federal National Mortgage Corporation placed a foreclosure moratorium on this loan and all Freddie Mac loans, due to the Covid-19 pandemic. The pandemic hold was ended as to this property on September 9, 2020, and the foreclosure restarted.

16. On November 16, 2020, HWA filed an expedited application for an order authorizing foreclosure under Texas Rule of Civil Procedure 736 on behalf of Deutsche Bank. A true and correct copy of the file stamped application is attached hereto and to Defendants' Motion as Exhibit R.   The application was filed as Cause no. 20-CV-1723 in the 10th District Court of Galveston County, Texas.   Kim Lewinski, an associate attorney in the employ of HWA filed the application as attorney of record. On December 28, 2020, Donna Holcomb filed an answer in the Rule 736 proceeding. A true and correct copy of Donna Holcomb's answer is attached hereto and to Defendants' Motion as Exhibit S.   On February 3, 2021, Deutsche Bank filed a Motion for Entry acknowledging Donna Holcomb's answer and seeking entry of an order authorizing foreclosure. On February 5, 2021, the 10th District Court entered an order authorizing foreclosure based on Deutsche Bank's Motion for Entry.   On February 12, 2021, the Court, on its own initiative and in the absence of any motion, entered an order vacating the February 5, 2021, order authorizing foreclosure.

17. On January 25, 2021, the loan was again placed on a foreclosure hold because a property inspection determined that the Property was occupied, bringing it within the federal Covid-19 foreclosure moratorium.

18. From February 11, 2021, through February 20, 2021, large portions of Texas encountered a hard freeze.   The freeze resulted in a separate foreclosure moratorium imposed by the Federal Emergency Management Agency.   This second hold began on February 24, 2021.   As a result of the FEMA moratorium and the resulting foreclosure hold, HWA was instructed to discontinue attempts to foreclose and on February 26, 2021, non-suited the Rule 736 proceeding.

19. Deutsche Bank waited for the Covid-19 and FEMA foreclosure moratoriums to end and on May 27, 2021, instructed HWA to restart the foreclosure process. I reviewed the foreclosure file, title reports, probate docket, and dispute letters. At that time I reviewed the 2013 final judgment authorizing foreclosure that was entered in Cause

No. 12CV1321 and determined that Deutsche Bank and SLS could foreclose based on that judgment. HWA scheduled a foreclosure sale for August 3, 2021, and mailed notice of the sale to Jo Ann Maxine Jones, Charles E. Jones, Janet L. Brecheen, the Heirs and Beneficiaries of Jo Ann Maxine Jones, the Heirs and Beneficiaries of Charles E. Jones, Curtis Holcomb, and Donna Holcomb, on June 15, 2021. True and correct copies of the June 15, 2021, letters are attached hereto and to Defendants' Motion as <u>Exhibit O</u>. Each letter was addressed to the respective recipient at the Property address and mailed by regular first-class U.S. Mail and by certified mail with return receipt requested.

20. On July 23, 2023, HWA received another dispute letter from Plaintiff and Donna Holcomb claiming that Deutsche Bank's ability to foreclose was now barred by limitations. I again reviewed HWA's foreclosure file, the prior lawsuit filed by Barrett Daffin, the 2020 Rule 736 proceeding, and forwarded the dispute letter to SLS. In my opinion, the dispute was and is baseless. SLS, acting on my advice, decided to move forward with the scheduled sale, which resulted in Plaintiff and Donna Holcomb filing this lawsuit on August 2, 2021, and securing and *ex parte* restraining order preventing the sale on August 3, 2021.

Further Affiant sayeth naught.

_____

Affiant, Dominique Varner

Sworn to and subscribed before me the undersigned authority by the said Dominique Varner on this the 25th day of September, 2023.

ARELY ZAMARRON
Notary Public, State of Texas
Comm. Expires 03-14-2026
Notary ID 133642904

_____

Notary Public, in and for

The State of Texas