United States District Court
Southern District of Texas
**ENTERED**
September 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DONNA HOLCOMB, *et al.*, § § | |
| Plaintiffs. § § | |
| V. § | CIVIL ACTION NO. 3:21-cv-00210 |
| § | |
| SPECIALIZED LOAN SERVICING, § LLC, *et al.*, § § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before me is a Motion for Summary Judgment filed by Specialized Loan Servicing, LLC ("SLS") and Deutsche Bank National Trust Company ("Deutsche Bank"), as Trustee for FFMLT Trust 2005-FF2, Mortgage Pass-Through Certificates, Series 2005-FF2 (the "FFMLT Trust 2005-FF2"). *See* Dkt. 30. In this Opinion and Order, I will refer to SLS and Deutsche Bank, collectively, as "Defendants." Having considered the summary judgment briefing, the record, and the applicable law, I **GRANT** the Motion for Summary Judgment.

## BACKGROUND

In 2004, Charles and Jo Ann Jones ("the Joneses") executed a home equity loan from First Franklin Financial Corporation ("First Franklin"), encumbering the property at 901 Landing Boulevard, League City, Texas 77573 ("the Property") with a Texas Home Equity Security Instrument.

In 2005, the Joneses conveyed the Property to a living trust. Charles Jones died in 2007. Jo Ann Jones died on September 2, 2010. Janet Brecheen ("Brecheen") served as the successor trustee. On September 29, 2010, Brecheen conveyed the Property to herself in her individual capacity. In November 2010, the loan fell into default.

In April 2012, First Franklin assigned the Texas Home Equity Security Instrument to Deutsche Bank, as trustee for the FFMLT Trust 2005-FF2.[1] On June 4, 2012, Deutsche Bank filed a lawsuit seeking an order authorizing foreclosure. The 56th Judicial District Court in Galveston County, Texas authorized foreclosure in August 2013 ("the August 2013 Judgment").

In March 2018, Brecheen sold the Property to Donna and Curtis Holcomb ("the Holcombs").[2] The loan remains in default. In late 2018 and August 2021, Deutsche Bank attempted to foreclose on the Property based on the August 2013 Judgment.

One day before the scheduled August 2021 foreclosure sale, the Holcombs filed suit against Deutsche Bank and SLS—the mortgage servicer for Deutsche Bank—in the 212th Judicial District Court in Galveston County. Defendants timely removed the case to federal court. In their Amended Complaint, the Holcombs assert three claims: (1) quiet title based on the statute of limitations; (2) violations of the Texas fraudulent lien statute; and (3) declaratory relief. Defendants have filed a counterclaim for judicial foreclosure against the Holcombs.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact issue is material only "if its resolution could affect the outcome of the action." *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 409 (5th Cir. 2002). A dispute of material fact is genuine if the evidence would allow a reasonable jury to find for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325

---

[1] For some unexplained reason, First Franklin assigned, for a second time, its rights under the Texas Home Equity Security Instrument to Deutsche Bank in March 2014.

[2] Donna Holcomb died on January 22, 2023.

(1986). Once satisfied, the burden shifts to the nonmovant to show the existence of a genuine fact issue for trial. *See id.* at 324. To do so, the "nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Brooks v. Houston Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 584 (S.D. Tex. 2015). In ruling on a motion for summary judgment, I must construe "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

## THE HOLCOMBS' CLAIMS FOR AFFIRMATIVE RELIEF

### A. QUIET TITLE

The Holcombs' first cause of action is a suit to quiet title. "A suit to quiet title is an equitable action to clear a clouded title." *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 560 (N.D. Tex. 2021) (quotation omitted). "Title to property is clouded when a party has an invalid claim to the property that serves to diminish the property's value." *Carter v. Bank of Am., N.A.*, No. 3:12-cv-4550, 2013 WL 1482610, at *2 (N.D. Tex. Apr. 9, 2013) (quotation omitted). To quiet title in their favor, the Holcombs must show:

> (1) [their] right, title, or ownership in real property; (2) that [Defendants have] asserted a 'cloud' on [their] property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that [Defendants'] claim or encumbrance is invalid.

*Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014). The Holcombs offer several arguments as to why Defendants have asserted a cloud on the Holcombs' title. None are persuasive.

#### 1. *The Statute of Limitations Is Satisfied.*

The Holcombs argue that the four-year statute of limitation bars Defendants from foreclosing on the Property. This argument fails.

Texas has a four-year statute of limitations for foreclosure actions. *See* TEX. CIV. PRAC. & REM. CODE § 16.035; *Rose v. Select Portfolio Servicing, Inc.*, 945 F.3d 226, 229 (5th Cir. 2019). The statute provides:

(a) A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues.

(b) A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues.

TEX. CIV. PRAC. & REM. CODE § 16.035. Failure to comply with the four-year limitations period results in voidance of "the real property lien" and the "power of sale to enforce the real property lien." *Id.* § 16.035(d).

"A party seeking foreclosure needn't comply with both section 16.035 (a) and (b). It must instead *either* bring an action within four years *or* sell the property within four years." *Strange v. Deutsche Bank Nat'l Tr. Co.*, No. 4:21-cv-03298, 2022 WL 889274, at *2 (S.D. Tex. Mar. 25, 2022). Defendants thus had four years, once the limitations period was triggered, to either file suit or sell the property.

A foreclosure "action accrues only when the holder actually exercises its option to accelerate" the note's maturity. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). In this case, Bank of America, N.A.—as mortgage servicer for First Franklin—triggered the four-year statute of limitations when it accelerated the loan on August 30, 2011. *See* Dkt. 30-6 at 40–41. Thus, Defendants had to satisfy *either* § 16.035(a) or (b) not later than August 30, 2015 to comply with the applicable statute of limitations.

Deutsche Bank satisfied § 16.035(a) when it filed suit on June 4, 2012 in the 56th Judicial District Court of Galveston County, seeking an order authorizing foreclosure. *See* Dkt. 30-6 at 7. That lawsuit, brought by Deutsche Bank less than a year after the limitations period began, unquestionably qualifies as a suit for "the foreclosure of a real property lien" under § 16.035(a). *See, e.g., Strange*, 2022 WL 889274, at *3 (holding that a counterclaim for an order authorizing foreclosure "qualifies as a suit for 'the foreclosure of a real property lien' under section 16.035(a)"); *Maluski v. Rushmore Loan Mgmt. Servs., LLC*, No. 14-17-00233-cv, 2018 WL 4780794, at *8 (Tex. App.—Houston [14th Dist.] Oct. 4, 2018, no pet.)

4

(holding that a claim "seeking an order permitting foreclosure of the property under the security instrument and an order for judicial foreclosure, prevented the four-year limitations period in section 16.035 from expiring and the real property lien and power of sale from becoming void"). That lawsuit ultimately resulted in the August 2013 Judgment.[3]

The Holcombs take the position that, to be timely, a foreclosure sale had to occur within four years of the entry of the August 2013 Judgment. This is simply not the law. To the contrary, it is well-settled that so long as a party seeking foreclosure brings an action within the four-year limitations period, "the plain language of section 16.035(a) does not require that the actual foreclosure occur within the four-year limitations period." *Metcalf v. Wilmington Sav. Fund Soc'y, FSB*, No. 03-16-00795-cv, 2017 WL 1228886, at *4 (Tex. App.—Austin Mar. 29, 2017, pet. denied). A number of other courts have followed this line of reasoning.

In *Strange*, as here, Deutsche Bank was awarded a final judgment authorizing a non-judicial foreclosure sale in July 2015. Yet, the actual foreclosure sale in *Strange* was not noticed until October 2021—seven years after the final judgment authorizing a non-judicial foreclosure sale. The court in *Strange* granted summary judgment in Deutsche Bank's favor because the counterclaim that led to the July 2015 final judgment was filed "well within four years of the acceleration of the loan," and that is all that was required under § 16.035(a). *Strange*, 2022 WL 889274 at *3; *see also Santiago v. Bank of N.Y. Mellon*, No. 4:18-cv-00533, 2018 WL 7138389, at *8 (E.D. Tex. Dec. 27, 2018); *Maluski*, 2018 WL 4780794, at *8; *Slay v. Nationstar Mortg., L.L.C.*, No. 2-09-052-cv, 2010 WL 670095, at *3 (Tex. App.—Fort Worth Feb. 25, 2010, pet. denied). The same result is warranted here.[4]

---

[3] Even if I look, as the Holcombs do, to the date of the August 2013 Judgment (August 9, 2013), instead of the date that Defendants filed suit (June 4, 2012), the August 2013 Judgment—issued prior to August 30, 2015—still falls within the limitations period triggered by the August 30, 2011 acceleration.

[4] This is not to say, however, that a lender can obtain a final judgment authorizing non-judicial foreclosure and wait an indeterminate period of time before actually foreclosing. Rather, once a final judgment has issued, the lender has 10 years to execute the judgment

In sum, Deutsche Bank preserved the validity of the real property lien under § 16.035(a) by filing suit for non-judicial foreclosure within the four-year limitations period.

### 2. *The Note Has Not Been Cancelled.*

Citing 26 U.S.C. § 108(i)(4)(B), the Holcombs argue that, as a matter of law, the loan was forgiven and the promissory note "cancelled" when the loan was securitized. Dkt. 33 at 2. As Defendants correctly note, "[t]here is no authority for this position and nothing in Section 108 leads to this conclusion." Dkt. 34 at 4. "Securitization is the process whereby mortgage loans are turned into securities, or bonds, and sold to investors. . . . The alleged purpose of securitization is to provide a large supply of money to lenders for originating loans and to provide investments to bond holders which were expected to be relatively safe." *Christmas v. CitiMortgage, Inc.*, No. 3:14-cv-71, 2014 WL 2117453, at *1 n.5 (S.D. Ohio May 21, 2014). Section 108 is an Internal Revenue Code provision concerning income from discharge of indebtedness.[5] "There is absolutely nothing in Section 108, or anywhere else, that mandates the 'cancelation' or 'forgiveness' of the indebtedness when a Note is transferred into a securitization trust." Dkt. 34 at 6. The Holcombs' contention that the transfer of a note into a securitization trust cancels the debt created by the note would render the entire securitization process meaningless. I will not become the first judge in America to accept the Holcombs' argument.

### 3. *The Joneses Were the Actual Borrowers.*

Finally, the Holcombs argue that Defendants do not have a claim or encumbrance on the Property because, under 12 U.S.C. § 374a, the broker that

---

before it becomes dormant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 34.001; *see also Cox v. Nelson*, 223 S.W.2d 84, 85 (Tex. App.—Texarkana 1949, writ ref'd) (permitting foreclosure of judgment lien against real property where writ of execution did not issue for more than nine years—but still within 10 years—after judgment was issued).

[5] If a holder of an "applicable debt instrument" forgave the amount owed at any point between December 31, 2009 and January 1, 2011, the forgiveness of indebtedness "income" realized by the Joneses could have been spread over four or five years for the purposes of paying income taxes. 26 U.S.C. § 108(i)(4)(B); *see id.* § 108(i)(1).

originated the loan to the Joneses was actually the borrower, and the Joneses were merely third-party "accommodations" to an investment contract, per 12 U.S.C. § 371c.[6] Dkt. 33 at 4. Section 374a provides: "No member bank shall act as the medium or agent of any nonbanking . . . individual in making loans on the security of stocks, bonds, and other investment securities." 12 U.S.C. § 374a. This statutory provision has no application here because this case involves a loan made on real estate. No loan was made "on the security of stocks, bonds, and other investment securities." *Id.*

\* \* \*

The Holcombs' quiet title claim thus fails as matter of law. Accordingly, I grant summary judgment on the Holcombs' quiet title claim in Defendants' favor.

**B.    VIOLATIONS OF THE TEXAS FRAUDULENT LIEN STATUTE**

The Holcombs' second cause of action is for an alleged violation of the Texas fraudulent lien statute. To prevail on this claim, the Holcombs must show that Defendants "(1) made, presented, or used a document with knowledge that it was a fraudulent lien, claim against, or an interest in real property; (2) intended the document be given legal effect; and (3) intended to cause [the Holcombs] financial injury." *Funke v. Deutsche Bank Nat'l Tr. Co.*, No. 5:14-cv-307, 2014 WL 3778831, at *4 (W.D. Tex. July 31, 2014).

The Holcombs' fraudulent lien claim is, according to the Amended Complaint, based on a Notice of Substitute Trustee's Sale, which the Holcombs maintain was fraudulent because Defendants knew that they did not have the right to foreclose on the property due to the expiration of the statute of limitations. This argument is dead on arrival because, as explained above, Deutsche Bank satisfied the four-year statute of limitations when it filed its June 4, 2012 lawsuit. Reading the writing on the wall, the Holcombs did not even bother to respond to

---

[6] Section 371c is of no relevance here. Section 371c establishes the terms under which banks that belong to the Federal Reserve System may transact with affiliates. *See* 12 U.S.C. § 371c(a)(1).

Defendants' arguments as to why summary judgment is appropriate on the fraudulent lien claim. Accordingly, I grant summary judgment on the Holcombs' fraudulent lien claim in Defendants' favor.

## C.  DECLARATORY JUDGMENT

Last but not least, the Holcombs seek declaratory relief.[7] Specifically, the Holcombs seek declarations that (1) Defendants lack standing to foreclose because they cannot demonstrate injury; (2) the August 2013 Judgment represents the start of the four-year limitations period, which ended on August 12, 2017; and (3) Defendants "do not have the unilateral authority to set aside the [August] 2013 [Judgment authorizing foreclosure] by merely claiming to have rescinded" the acceleration of the note. Dkt. 18 at 11.

"The [federal] Declaratory Judgment Act, which authorizes a federal court to 'declare the rights and other legal relations of any interested party seeking such declaration,' is merely a procedural device and does not create any substantive rights or causes of action." *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 792 (5th Cir. 2018) (quoting 28 U.S.C. § 2201(a)); *see also Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) ("[A]lthough the Declaratory Judgment Act provides a *remedy* different from an injunction—it does not provide an additional cause of action with respect to the underlying claim."). "Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive." *Davis v. Silver State Fin. Servs.*, No. H-13-1432, 2014 WL 713235, at *10 (S.D. Tex. Feb. 20, 2014) (collecting cases). Because I have already determined that Defendants are entitled to summary judgment in their

---

[7] The Holcombs' live pleading seeks declaratory relief under the Texas Declaratory Judgment Act, located in Chapter 37 of the Texas Civil Practice and Remedies Code. The Fifth Circuit, however, has held that the Texas Declaratory Judgment Act is a procedural rule that does not apply in federal court. *See Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). "When a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act . . . ." *Redwood Resort Props., LLC v. Holmes Co.*, No. 3:06-cv-1022, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007).

8

favor on the underlying claims for quiet title and violations of the Texas fraudulent lien statute, the declaratory relief claim must be dismissed. Nonetheless, I will explain why each request for declaratory relief—which are really defenses to Defendants' effort to foreclose—fails on its merits as well.

### 1.   *Standing to Foreclose*

The Holcombs first seek a declaration that Deutsche Bank, as trustee, has no standing to foreclose. In advancing this argument, the Holcombs claim that the certifcateholders of the FFMLT Trust 2005-FF2 are the real parties in interest. Defendants disagree, claiming that Deutsche Bank "is the real party in interest, not the certificateholders." Dkt. 34 at 15.

"To determine whether the trustee is the real party to the controversy, Deutsche Bank must show that the declaration of the trust 'authorize[s] the trustees to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in [its] capacity as trustee." *Rodriguez v. Deutsche Bank Nat'l Tr. Co.*, No. CV H-16-1597, 2017 WL 371141, at *2 (S.D. Tex. Jan. 26, 2017) (quoting *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 464 (1980)). At my request, Defendants have submitted a copy of the Pooling Service Agreement for the FFMLT Trust 2005-FF2. *See* Dkt. 41-1. After reviewing the Pooling Service Agreement, I am convinced that the record conclusively establishes that Deutsche Bank has the customary powers to hold "legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in [its] capacity as trustee." *Navarro*, 446 U.S. at 464. In examining a virtually identical Pooling Service Agreement also involving Deutsche Bank, Judge Gray Miller relied on four specific contractual provisions to hold that the trustee was the real party in interest. *See Rodriguez*, 2017 WL 371141, at *3. Those same four provisions can be found, word-for-word, in the Pooling Services Agreement that governs the FFMLT Trust 2005-FF2. Accordingly, I have no hesitation in holding that Deutsche Bank is the real party in interest and has standing to foreclose.

### 2.   *The Four-Year Limitations Period*

Next, the Holcombs ask me to declare that the August 2013 Judgment signifies the start of the four-year statute of limitations. I have already resolved this issue, holding that the limitations period began when Bank of America, N.A. accelerated the loan on August 30, 2011. I also have concluded that Deutsche Bank satisfied the statute of limitations when it filed suit on June 2, 2012 seeking authorization to proceed with foreclosure. There is simply no authority supporting the Holcombs' argument that the actual sale of the Property had to take place within four years of the August 2013 Judgment to satisfy the statute of limitations. Summary judgment is awarded in favor of Defendants on this request for declaratory relief.

### 3.   *Setting Aside the August 2013 Judgment by Rescinding Acceleration of the Note*

The Holcombs' third request for declaratory relief asks that I declare that Defendants cannot unilaterally set aside the August 2013 Judgment by rescinding the acceleration of the note. As to this request, no dispute exists. The parties wholeheartedly agree that the August 2013 Judgment is a valid judgment from a court of competent jurisdiction, and any subsequent rescission of the notice of acceleration had no effect on the finality of the August 2013 Judgment. As such, there is no live case or controversy regarding the validity of the August 2013 Judgment. Declaratory relief on this topic is moot.

**DEFENDANTS' COUNTERCLAIM FOR JUDICIAL FORECLOSURE**

Defendants have also moved for summary judgment on their claim for judicial foreclosure. The Fifth Circuit has stated that Texas law allows a district court to order judicial foreclosure if the movant proves: (1) "a financial obligation"; (2) "the lien securing it"; (3) "a default on the loan"; and (4) "that the property subject to foreclosure is the same property subject to the lien." *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282, 284 (5th Cir. 2017). The first two elements are easily met, as the promissory note and the Texas Home Equity Security Instrument constitute the obligation and the lien securing the obligation. As for

the third element, there is no dispute that the loan is in default. The summary judgment evidence establishes that no payments have been made on the loan since November 1, 2010. Finally, the property subject to foreclosure is the same property subject to the lien. Defendants are entitled to a judicial foreclosure of the Property.

## CONCLUSION

Defendants' Motion for Summary Judgment (Dkt. 30) is **GRANTED**. Defendants are entitled to judicial foreclosure. Defendants are ordered to submit a proposed judgment by September 13, 2024.

SIGNED this 9th day of September 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE