IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DONNA HOLCOMB, , et al,<br>*Plaintiff(s)*<br><br>v<br><br>SPECIALIZED LOAN SERVICING,<br>LLC, et al<br>Defendant(s) | §<br>§<br>§<br>§ CIVIL ACTION NO. 3:21-cv-00210<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' MOTION FOR RECONSIDERATION
OF FINAL JUDGMENT (Doc. 44)**

COMES NOW, pursuant to FRCP 59(e), Plaintiff CURTUS HOLCOMB and files this Motion for Reconsider of the Court's Final Judgment (Doc. 44) entered on September 16, 2024.

    **I. SEPTEMBER 9, 2024 OPINION AND ORDER (Doc. 42)**

A. <u>Acceleration of the Note</u>

In the Court's September 9, 2024 Opinion and Order (Doc. 42), the Court determined that the acceleration of the Note occurred on August 30, 2011. Holcomb contends argued that actual acceleration occurred and accrued on the date of the August 2013 Judgment.

The Court also found that "any subsequent rescission of the notice of acceleration had no effect on the finality of the August 2013 Judgment".

1

This is a case involving a Texas Home Equity Loan. Holcomb contends that whether the acceleration of the Note occurred on August 30, 2011 and was preserved or revived upon the issuance of the August 2013 Judgment[1], Defendants did not complete the foreclosure process pursuant to TRCP 735, Texas Civ. Prac. & Rem. Code § 16.035(b), and/or the power of sale in the Deed of Trust. Both TCPRC § 16.035(b) and the power of sale in the Deed of Trust require that the sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues.

B.  TRCP 735 & 736 is premised on lien on real property containing a power of sale

The procedure for prosecuting the foreclosure of a lien containing a power of sale is set forth in TRCP 735[2] and 736. In this expedited judicial proceeding, the Court bases its ruling on the terms and conditions derived from the Note and Deed of Trust. The power of sale remedy is derived from the Deed of Trust, not from a subsequent judicial order.

It is Plaintiffs' contention that an Order under Rule 736 is a substantive condition precedent to proceeding with a non-judicial sale or a judicial foreclosure[3]. Both are an election of a method to foreclose the real property lien based on the

---

[1] See Summary section of this motion regarding validity of August 2013 Judgment.
[2] "a home equity loan, reverse mortgage, or home equity line of credit under article XVI, sections 50(a)(6), 50(k), and 50(t) of the Texas Constitution" *Rule 735 - Foreclosures Requiring a Court Order*, Tex. R. Civ. P. 735
[3] See Plaintiffs' Sur Reply (Doc. 37)

2

power of sale derived from the Deed of Trust. (See *Bunch Elec. Co. v. Tex-Craft Builders , Inc.*, 480 S.W.2d 42, 45 (Tex. App. 1972) construing a statutory procedure for presenting a claim a claim against a bond). A court order under Rule 736 is therefore a substantive condition precedent and the equivalent of acceleration of the note of non-Texas Home Equity loan. It is also Plaintiffs' contention that the judgment resulting from an expedited judicial proceeding to foreclose a Texas Home Equity Loan, marks the accrual of the Note and the power of sale clause provision in the Deed of Trust Lien.

C.   Application of TCPRC 16.035

TCPRC 16.035(a) "A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Plaintiffs agree that Defendants filed suit to foreclose the real property lien within 4 years of the August 30, 2011. However, Plaintiffs contend that the accrual date reset upon the issuance of the August 2013 Judgment, and TCPRC 16.035(b) would then apply.

The Court has determined that since the Defendants complied with TCPRC 16.035(a), that Defendants are not required to sell the real property subject to TCPRC 16.035(b) at any time thereafter.  Respectfully, since the Rule 736 lawsuit was a condition precedent to the foreclosure of a Texas Home Equity Loan, every Texas Home Equity loan Rule 736 lawsuit would meet that requirement and each mortgagee or lienholder would essentially never have to sell the real property

3

pursuant to the power of sale in the Deed of Trust, from which the Rule 736 lawsuit derived the basis for issuing of the foreclosure sale of the real property in a Rule 736 judgment. This application of TCPRC 16.035 would essentially render 16.035(b) moot or ineffective. Plaintiffs purchased the subject real property from the decedent debtor's heir and Plaintiffs relied on the limitations stated in TCPRC 16.035(b).

It is Plaintiffs' contention that the Defendants were not required to comply with both TCPRC 16.035(a) and 16.035(b) within the same 4-year accrual period following proper acceleration. Defendants and the Court cite *Strange* as the authority for the contention that both 16.035(a) and 16.035(b) do not have to be satisfied to defeat limitations. In this Court's Final Judgment (Doc.44), the Court stated that "In sum, Deutsche Bank preserved the validity of the real property lien under § 16.035(a) by filing suit for non-judicial foreclosure within the four-year limitations period." The Court touches on the preservation of the "validity of the real property lien" by Defendants under 16.035(a), pursuant to the August 2013 Judgment. Plaintiffs do not dispute that Defendants preserved the real property lien, at that time, and the right to exercise the enforcement of that lien under the power of sale in the Deed of Trust, but not in perpetuity and/or to the extent that 16.035(b) is mooted or as we have here, excepted. Plaintiffs' argument is that 16.035(b) is not mooted by meeting 16.035(a), and that the issuance of a judicial order to enforce the recovery of real property under a real property lien by non-judicial foreclosure pursuant to the terms and conditions of the Deed of Trust,

4

actually requires a "valid" real property lien and a "valid" or live power of sale to exist, by which to perform the sale of the property. The Defendants cannot recover the equitable title from Plaintiffs until the non-judicial sale of the property is concluded, bringing equitable title and legal title together. However, if the Defendants are not required to sell the real property within 4 years of the Rule 736 August 2013 Judgment, then Defendants could sit on their August 2013 Judgment for decades, which they have actually passed the first decade since the August 2013 Judgment.

Rule 736 also provides requirements and provisions if an order is obtained under the rule; **"that if the petitioner obtains a court order, the petitioner will proceed with a foreclosure of the property in accordance with applicable law and the terms of the loan agreement, contract, or lien sought to be foreclosed."** *Rule 736 - Expedited Order Proceeding*, Tex. R. Civ. P. 736(d)(5)B). In fact, the August 2013 Judgment orders the real property lien be enforced as follows[4]: "

> The statutory probate lien in favor of Plaintiff shall be enforced by a non-judicial foreclosure sale held in accordance with the terms and conditions of the Loan Agreement, Tex. Prop. Code §51.002 and Tex. R. Civ. Proc. §735 and §736(5).

"

The August 2013 Judgment did not order judicial foreclosure. To the contrary, the August 2013 Judgment orders that the real property lien be enforced "in

---

[4] See page 3 of August 2013 Judgment (Doc.30-8).

5

accordance with the terms and conditions of the Loan Agreement…" The Deed of Trust provides for the remedy and the method of enforcement by the power of sale clause, which must brings us back to TCPRC 16.035(b). TCPRC 16.035(a) does not make reference to a "power of sale", therefore the enforcement of the foreclosure of the real property lien under 16.035(a) allows for the recovery of real property under a real property lien, if the lienholder does not have a power of sale remedy in the security agreement.

The Court's Final Judgment (Doc. 44) orders judicial foreclosure when Defendants August 2013 Judgement ordered non-judicial foreclosure. Plaintiffs contend that Defendants claims are based on the August 2013 Judgement, which ordered non-judicial foreclosure of the property. It is Plaintiffs' contention that judicial foreclosure is improper relief.

D.   Summary

Plaintiffs incorporate the foregoing facts and statements into this summary section.

Defendants obtained the August 2013 Judgment outside of the jurisdiction of the Galveston County Statutory Probate Court. The August 2013 Judgment is void or voidable. In Texas, in a county in which there is a Statutory Probate Court ("SPC"), the SPC has exclusive jurisdiction of all probate proceedings, regardless of whether the proceeding is contested or uncontested. Texas Estates Code ("TEC") TEC § 32.005(a). In such a county, a cause of action related to the probate proceeding must also be brought in the SPC unless the jurisdiction of the SPC is

concurrent with the jurisdiction of a District Court as provided by TEC Section 32.007[5] or with the jurisdiction of any other court. TEC § 32.005(a). See , *King v. Deutsche Bank Nat'l Trust Co.*, 472 S.W.3d 848 (Tex. App. 2015).

Plaintiffs contend that compliance with 16.035(a) does not preclude required compliance with 16.035(b), in order to enforce the Deed of Trust lien and the power of sale provision therein. Plaintiffs assert that TRCP 736 requires enforcement through non-judicial foreclosure.

The Plaintiffs were subsequent purchasers of the subject property from the debtor's heir. Plaintiffs had the right to rely on the application of TCPRC 16.035(b) rendering the Deed of Trust lien and power of sale unenforceable.

Defendants claims under The purpose of Section 16.069 "was meant to address those situations where one of the litigants does not file his cause of action until a short period before the relevant statute of limitations runs [and] [t]he normal period in which to answer the cause of action and file the counterclaim or cross claim would have been cut short by the statute of limitations[s]'." *Ball v. Sbc communications, Inc.,* page 4, No. 04—02-00702-CV (Tex. App.2003). Plaintiff's claim arise under its Declaratory Judgment in its petition. The Court in *Ball* stated that: "However, were we to hold that section 16.069 revives claims which are absolutely barred by limitations as a matter of law, we would be  reading into the Uniform Declaratory Judgments Act a provision that

---

[5] TEC Section 32.007 does not apply to this instant case.

would make such action fruitless. This would contravene the provision that the Uniform Declaratory Judgments Act be liberally construed. See. Tex. Civ Prac. & Rem. Code Ann. Section 37.002(b) (Vernon 1997). Additionally we would be suggesting that section 19.69 trumps the Uniform Declaratory Judgments Act. A statute must be considered as a whole, and a provision within a statute should not be given a meaning not in harmony with other provisions In enacting the statute, it is presumed that the public interest is favored over the private interest. Tex. Gov't Code Ann. Sec. 3.11.021(5) (Vernon 1998). The position advocated by Ball runs counter to this presumption. *Ball's* private interest is his right to pursue a claim that is absolutely barred as matter of law by limitations. The Texas Supreme Court has reasoned that a statue of limitations serves the public in preventing stale claims.

Deutsche Bank had obtained a 735 Court Order for Foreclosure on August 9, 2013 and did nothing to go forward with ordered sale of the property thus allowing the limitations to run on August 9, 2017. It now seeks to use Section 16.069 to revive its stale claim that is absolutely barred by the Statute of limitations.

The proof of the outcome of interpreting the 16.035 limitations, mortgage companies file suit to foreclose a real property lien, and then to basically "sit" on their "hands" and claims for an extended period of years, even a decade or more, sucking the equity value out of the property, especially in property, without selling the property to recover equitable title…..is evident in this present case.

Plaintiffs made a bargain with the previous property owner and as a result of the current status of this case, have lost 10's of thousands of dollars in equity in their property, not to mention, their homestead.

Defendants have asked the Court to put them in a better position than they had pursuant to the terms and conditions contained in the Note and Deed of Trust.

Plaintiffs would ask that the Court answer relevant questions:

Given Defendants have 1) accelerated the loan in 2011, and 2) received a favorable judgment in August 2013, satisfying 16.035(a), and it is now October of 2024, and Defendants have not conducted a foreclosure sale of the property to date, in over a decade; when are Defendants required to conduct a foreclosure sale of the property? Are Defendants ever required to conduct a foreclosure sale?

**Prayer**

For the reasons, statutes, and court documents submitted herein, and his Response to Defendant's Motion for Summary Judgment, Plaintiff Curtis Holcomb pray the Court reconsider its Opinion and Order (Doc. 42) and Final Judgment (Doc. 44) and to find that the lien claim by Plaintiffs is absolutely barred by TCPRC 16.035(b) and is not revived by TCPRC 16.069, Statute of Limitations has expired and that this Court withdraw its Opinion and Order (Doc. 42) and Final Judgment (Doc. 44), and Plaintiffs be awarded such other and further relief, both general and special, at law or in equity, as the Court deems proper, to which Plaintiffs may show themselves justly entitled.

Respectfully Submitted,
By: /s/ *James M. Andersen*
James M. Andersen
Texas Bar No. 01165850
P.O. Box 58554
Webster, Texas 775988554
Tel. (281) 488-2800
Fax. (281) 480-4851
Email: jandersen.law@gmail.com
**Attorney for Plaintiffs**
**Curtis Holcomb**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served on the following via the court's file system, electronic mail, fax, and /or certified mail, return receipt requested on October 15, 2024, on counsel of record in accordance with the Federal Rules of Civil Procedure.

Michael L. Weems                           **Via: E-file**
Hughes Watters Askanase, L.L.P.
Texas Bar No. 24066273
Total Plaza
1201 Louisiana Street, 28th Floor
Houston, Texas 77002
Tel. (713) 759-0818
Fax. (713) 759-6834
Email: mweems@hwa.com

**Attorneys for Specialized Loan Servicing, L.L.C.**
**and Deutsche Bank National Trust Company, as**
**Trustee for First Franklin Mortgage Loan 2005-FF2,**
**Mortgage Pass-Through Series 2005-FF2**

/s/ *James M. Andersen*
James M. Andersen

10